UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

| | : | |
|---|---|---|
| JANICE VARY, | : | Case No. 1:16-CV-37 |
| Plaintiff, | : | |
| vs. | : | OPINION & ORDER |
| CITY OF CLEVELAND, | : | |
| Defendant. | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Janice Vary sues the City of Cleveland for damage that a January 2015 water main break caused to her Cleveland property.[1] Plaintiff alleges that the water and debris that flooded her property caused damage to the foundation, appliances, electrical systems and plumbing systems of the house.[2]

Although the property at issue is located in Cleveland, Ohio, Plaintiff is a domiciliary of Maryland. Defendant is an Ohio political subdivision. Plaintiff alleges over $75,000 in damages.

Plaintiff brings claims under diversity jurisdiction for trespass, nuisance and negligence. Plaintiff also seeks a writ of mandamus under diversity jurisdiction to "compel Defendant to engage in proper appropriation proceedings for the involuntary taking of Plaintiff's land and property."[3]

---

[1] Doc. 1.
[2] *Id.* at ¶¶ 10-11.
[3] *Id.* at ¶¶ 44-55, Prayer for Relief.

Case No. 1:16-CV-37
Gwin, J.

Defendant City of Cleveland filed a narrow motion to dismiss, arguing that Plaintiff's writ of mandamus action is not ripe for review.[4] Generally, a federal takings claim is not ripe until a plaintiff has already exhausted state court procedures for securing just compensation.[5]

Plaintiff responds that the writ of mandamus claim *is* Ohio's procedure for securing just compensation, and that the writ is merely before this Court based on diversity jurisdiction like any other state-law diversity claim.[6]

The Sixth Circuit has not directly addressed whether a district court can hear a prerequisite state claim for just compensation when sitting in diversity. The Fifth and Tenth Circuits have directly addressed the question. In both cases, the Circuits concluded that it was proper for federal courts to hear the state claim.[7]

However, in those cases, the underlying state procedures were statutory actions for inverse condemnation.[8] Ohio's just compensation procedure is distinguishable, and it raises particularly thorny questions of federalism and abstention.

In Ohio, the government actor seeking to take property must bring an appropriation proceeding to determine just compensation.[9] A landowner cannot institute appropriation

---

[4] Doc. 6. The Court agrees with Plaintiff that Defendant improperly raised new arguments in its reply brief. The Court will not consider these arguments. Moreover, the arguments are moot at this stage, in light of this Court's concern that this Court cannot properly issue a writ compelling state action.

[5] *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 194 (1985).

[6] Doc. 8.

[7] *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 386-87 (5th Cir. 2001) (holding that a federal district court could hear Texas's just compensation claim when sitting in diversity); *SK Fin. SA v. La Plata Cty., Bd. of Cty. Comm'rs*, 126 F.3d 1272, 1276 (10th Cir. 1997) (same holding regarding Colorado's just compensation procedure); *see also Green v. City of Williamstown*, 848 F. Supp. 102, 105 (E.D. Ky. 1994) (dismissing federal takings claims as not yet ripe for review, but finding that Plaintiff's state law just compensation claim could go forward under diversity jurisdiction). In earlier rulings, the Fifth and Tenth Circuits had reached the opposite conclusion. *Cory v. Thompson*, 996 F.2d 310 (10th Cir. 1993) (unpublished); *Samaad v. City of Dallas*, 940 F.2d 925, 934 (5th Cir. 1991).

[8] *Vulcan Materials Co.*, 238 F.3d at 386-87 (discussing Texas's inverse condemnation claim); *SK Fin. SA*, 126 F.3d at 1276 (discussing Colorado's inverse condemnation claim); *see also Green*, 848 F. Supp. at 105 (discussing Kentucky's inverse condemnation claim).

[9] *See* Ohio Rev. Code § 163.05.

Case No. 1:16-CV-37
Gwin, J.

proceedings himself. Instead, if a landowner believes she has not been compensated, she can seek a writ to force the relevant state actor to begin the appropriation proceedings.[10] The Sixth Circuit has held that Ohio's writ of mandamus procedure is the proper mechanism for pursing just compensation in the case of a taking in the State of Ohio.[11]

As a result of Ohio's compensation procedure, Plaintiff is asking this Court to issue a writ that would compel the City of Cleveland to institute another state court action. The parties' briefing did not address whether this is proper.[12] If Plaintiff wishes to maintain her claim for a writ of mandamus, the Court **ORDERS** supplemental briefing on (1) whether a federal court sitting in diversity can issue a writ ordering a state or municipal actor to institute state court proceedings; and (2) whether a federal court should nevertheless abstain from hearing this claim. Plaintiff's brief is due May 13, 2016. Defendant's response is due May 20, 2016.

IT IS SO ORDERED.

Dated: April 29, 2016                    *s/        James S. Gwin*
                                         JAMES S. GWIN
                                         UNITED STATES DISTRICT JUDGE

---

[10] *State ex rel. Duncan v. Middlefield*, 898 N.E.2d 952, 956 (Ohio 2008).

[11] *Coles v. Granville*, 448 F.3d 853, 862 (6th Cir. 2006) (citing *Silver v. Franklin Twp. Bd. of Zoning Appeals*, 966 F.2d 1031 (6th Cir. 1992)); *see also River City Capital, L.P. v. Board of Cnty. Com'rs, Clermont County, Ohio*, 491 F.3d 301, 307 (6th Cir. 2007).

[12] Plaintiff's citation to *Cnty. Of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 193 (1959) is inadequate. The case is distinguishable in numerous ways. The case was decided before the Supreme Court's decision in *Williamson*, which established the ripeness doctrine at issue here. Most importantly, the case dealt with a stand-alone state eminent domain claim, not a writ of mandamus.