UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                    :
JANICE VARY,                                        :          Case No. 1:16-CV-00037
                                                    :
                 Plaintiff,                         :
                                                    :
vs.                                                 :          OPINION & ORDER
                                                    :          [Resolving Doc No. 12]
CITY OF CLEVELAND,                                  :
                                                    :
                 Defendant.                         :
                                                    :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Janice Vary sues the City of Cleveland for damage that a January 2015 break in a water main caused to her Cleveland property.[1]  Plaintiff alleges that the water and debris that flooded her property caused damage to the foundation, appliances, electrical systems and plumbing systems of the house.[2]

In its answer, the City of Cleveland raised twelve affirmative defenses, ranging from lack of jurisdiction to failure to mitigate damages and governmental immunity.

Plaintiff Janice Vary moves to strike Defendant City of Cleveland's affirmative defenses pursuant to Federal Rules of Civil Procedure 12(f) and 8(c). With her motion to strike, Plaintiff argues that Defendant's affirmative defenses should be held to the plausibility pleading standard set for complaints in *Twombly* and *Iqbal*.[3]  Defendant opposes Plaintiff's motion to strike its affirmative defenses, arguing that the *Twombly* and *Iqbal* standard does not apply to affirmative

---

[1] Doc. 1.
[2] *Id.* at ¶¶ 10-11.
[3] Doc. 12 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

Case No.1:16-CV-00037
Gwin, J.

defenses, and that the City of Cleveland merely needs to meet the Sixth Circuit's fair notice

standard instead.[4]  For the following reasons, the Court agrees with Defendant and **DENIES**

Plaintiff's motion to strike.

## I. Legal Standard

Under Rule 8(c), a party may "affirmatively state any avoidance or affirmative defense"

in its responsive pleading.  Rule 12(f) allows a court strike an "insufficient" defense, or any

"redundant, immaterial, impertinent, or scandalous matter."[5]

Generally, under *Bell Atlantic Corp v. Twombly* and *Ashcroft v. Iqbal*, courts require

plaintiffs to plead claims with plausible factual background.  Courts strike conclusory claims in

order to increase judicial efficiency and prevent abusive or unfounded litigation.[6]

Plaintiff contends that the *Twombly* and *Iqbal* standard should apply to affirmative

defenses under Rule 12(f).[7]  However, the Sixth Circuit has not ruled on the issue, and our sister

district courts are split.[8]

Between the Supreme Court's 2009 *Iqbal* decision and 2013, more than 230 federal

decisions addressed whether the *Twombly* and *Iqbal* standard applies to affirmative defenses pled

---

[4] Doc. 14.
[5] Under Rule 12(f), the Court may act *sua sponte*, or in response to a party's motion that is filed within 21 days after being served with the responsive pleading.  Defendant objects to Plaintiff's motion on timeliness grounds, pointing out that it was filed outside of the 21-day window.  This Court agrees that the motion was not timely filed, but nevertheless chooses to adjudicate the motion on the merits.
[6] *Iqbal*, 556 U.S. at 662; *Twombly*, 550 U.S. at 545.
[7] *See generally The Odd State of Twiqbal Plausibility in Pleading Affirmative Defenses,* 70 Wash & Lee L.Rev. 1573, 1602 (2013).
[8] *Jam Tire, Inc. v. Harbin*, No. 3:14-CV-00489, 2014 WL 4388286, at *2-3 (N.D. Ohio Sept. 5, 2014) (gathering citations).

Case No.1:16-CV-00037
Gwin, J.

in an answer.[9] This Court follows the majority approach in finding that the *Iqbal* and *Twombly*

pleading requirements do not apply to affirmative defenses.[10]

As an initial point, *Iqbal* and *Twombly* interpreted Rule 8(a)'s requirement that a

complaint give a "short and plain" statement of the claim. Rule 8(c)'s description of affirmative

defenses does not include the same "short and plain" statement. Instead, "any" avoidance or

affirmative defense is allowed.

Moreover, policy considerations do not favor holding affirmative defenses to the same

particularity standard as a complaint. While plaintiffs are afforded wide latitude in filing and

amending complaints, Rule 12(a)(1) requires a defendant to respond to complaints within 21

days.[11] Furthermore, failure to plead an affirmative defense in the first responsive pleading

generally results in a waiver of that defense.[12] As a result, defendants — who are often

responding quickly without the benefit of time to investigate — should not be held to the higher

standard of plausibility pleading.

Although the *Twombly* and *Iqbal* standard does not apply, not every affirmative defense

survives scrutiny. Affirmative defenses still need to provide "fair notice of the nature of the

defense."[13] A defense is insufficient if, as a matter of law, the defense cannot succeed under any

circumstances or has "no possible relation to the controversy."[14] As a result, general or

boilerplate defenses are acceptable, even if they lack factual specificity, so long as it remains

possible that the defense relates to the claim at hand.

---

[9] *The Odd State of Twiqbal Plausibility in Pleading Affirmative Defenses,* 70 Wash & Lee L.Rev. 1573, 1602-05 (2013).

[10] *Id.* at 1604; *see also*, *Rosul v. Klockemann*, No. 1:15-CV-00996, 2015 WL 5233187, at *6 (N.D. Ohio Sept. 8, 2015).

[11] Fed. R. Civ. P. 12(a)(1); *Jam Tire, Inc. v. Harbin*, No. 3:14-CV-00489, 2014 WL 4388286, at *3 (N.D. Ohio Sept. 5, 2014).

[12] *Horton v. Potter,* 369 F.3d 906, 911 (6th Cir. 2004).

[13] *Lawrence v. Chabot,* 182 F. App'x 442, 456 (6th Cir. 2006).

[14] *Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir. 1953).

Case No.1:16-CV-00037
Gwin, J.

If, however, the relevant legal standard for the defense makes the affirmative defense completely inapplicable, then the defense must be struck.  For example, in one case from this district, a defendant  raised the affirmative defense of economic duress "caused by the control" of the plaintiff or its agents.[15]  The Court struck this defense, noting that under Ohio law, control alone was not sufficient to constitute economic duress.   As a result, the affirmative defense as pled had no possibility of succeeding.[16]

## II. Discussion

Plaintiff argues that Defendant's affirmative defenses fail the *Twombly* and *Iqbal* pleading standard.[17]  However, the Court concludes that the *Twombly* and *Iqbal* standard does not apply to affirmative defenses.  Plaintiff's arguments lose.

In its reply brief, Plaintiff argues in the alternative that some of the affirmative defenses still do not meet the "fair notice" standard, even if the *Twombly* and *Iqbal* standard does not apply.[18]  These arguments also lose.

Plaintiff particularly cites the lack of factual specificity in the affirmative defenses.  For example, the affirmative defense in paragraph 63 states that:

> Any damages or injuries that Plaintiff may have suffered as alleged in the Complaint were directly and proximately caused solely by the negligence of persons or entities other than the Defendant, including comparative and/or contributory negligence of Plaintiff. [19]

Paragraph 64 states that:

---

[15] *HCRI TRS Acquirer LLC v. Iwer*, 708 F. Supp. 2d 687, 692 (N.D. Ohio 2010).

[16] *Id.*; *see also Sprint Sols., Inc. v. Shoukry*, No. 2:14-CV-00127, 2014 WL 5469877, at *3 (S.D. Ohio Oct. 28, 2014) (striking the affirmative defenses of fraud and failure of conditions precedent, based on the higher pleading standard for these claims found in Rule 9).

[17] Doc. 12.

[18] Doc. 15.

[19] Doc. 9.

Case No.1:16-CV-00037
Gwin, J.

> Any damages or injuries that Plaintiff has suffered as alleged in the Complaint
> were directly and proximately caused by intervening and/or superseding acts of
> persons or entities other than Defendant.[20]

Paragraph 66 states that:

> Plaintiff has failed to name necessary parties indispensable to the just adjudication
> of this matter.[21]

Plaintiff argues that the Court must strike these defenses because they do not identify

who caused the injury, who intervened, or who is a necessary party.  But Defendant is

correct that it need not make such a showing at this stage.  Defendant need only meet fair

notice, and it has properly made Plaintiff aware of its intention to investigate third parties

who may be involved.  Moreover, Plaintiff has not shown that there is no possible

relation between these defenses and the claim.  Any further factual particularity at this

stage is not required.[22]

Lastly, Plaintiff objects to paragraph 70, which says that the "Defendant reserves

the right to raise any additional defenses that may come to light during the pendency of

this action."  Plaintiff argues that this is a "catch all" affirmative defense, comparable to

---

[20] *Id.*

[21] *Id.*

[22] The Court also rejects arguments that the affirmative defenses in paragraphs 59, 60, 65, 67, and 68 are improper.  The affirmative defense in paragraph 59 alleges "lack of jurisdiction."  *Id.*  The affirmative defense in paragraph 60 alleges that the complaint "fails to state a claim upon which relief can be granted."  *Id.*  The affirmative defense in paragraph 65 alleges that "Plaintiff has failed to mitigate damages."  *Id.*  The affirmative defense in paragraph 67 alleges that Plaintiff's claim is "barred in whole or in part by the applicable statute of limitations."  *Id.*  The affirmative defense in paragraph 68 alleges that "Defendant is not liable due to lack of notice."  *Id.*  It is possible that each of these relates to the claim at hand.  Plaintiff has not pointed to a heightened pleading standard or rule of law that facially makes these affirmative defenses inapplicable.  They survive.

Plaintiff also argues that the affirmative defense in paragraph 61 is insufficiently specific. Paragraph 61 says that "Defendant is entitled to and asserts all defenses and immunities applicable to political subdivisions and employees of political subdivisions as set forth in Ohio Revised Code Chapter 2744 *et seq.* and state common law."  *Id.*  The Court agrees with Defendant that this is ample description to put Plaintiff on notice of the City's intention to use immunities available to it as an Ohio municipality and political subdivision.

Case No.1:16-CV-00037
Gwin, J.

when a defendant says that claims against it are barred "by any other matter constituting

an avoidance or affirmative defense."[23]  However, this paragraph is properly read as a

reservation of rights rather than its own affirmative defense.  The Court finds no grounds

to strike this paragraph.

      The Court **DENIES** plaintiff's motion to strike.


IT IS SO ORDERED.



Dated:  June 2, 2016                            _s/      James S. Gwin_          
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE

---

[23] *Malibu Media, LLC v. Doe,* 2015 WL 5730756 at *1 (N.D. Ohio Sept. 29, 2015).