UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
JANICE VARY,                                    :     Case No. 1:16-CV-00037
                                                :
        Plaintiff,                              :
                                                :
vs.                                             :     OPINION & ORDER
                                                :     [Resolving Doc Nos. 6 and 20]
CITY OF CLEVELAND,                              :
                                                :
        Defendant.                              :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    Plaintiff Janice Vary sues the City of Cleveland for damage that a January 2015 water main break caused to her Cleveland property.[1] Claiming diversity jurisdiction, Plaintiff seeks a writ of mandamus to "compel Defendant to engage in proper appropriation proceedings for the involuntary taking of Plaintiff's land and property."[2] Defendant moves to dismiss Plaintiff's request for a writ of mandamus pursuant to Federal Rule of Civil Procedure 12(b)(6).[3]

    The Court ordered additional briefing to address whether it is proper for this Court to issue a writ that would compel the City of Cleveland to institute another state court action.[4] Plaintiff filed a supplemental brief.[5] Defendant responded.[6]

    For the following reasons, the Court **GRANTS** Defendant's motion to dismiss.

---

[1] Doc. 1.
[2] *See id.* at ¶¶ 44-55, Prayer for Relief.
[3] Doc. 6.
[4] Doc. 13.
[5] Doc. 16.
[6] Doc. 17. Plaintiff also filed a reply, Doc. 18, which Defendant moved to strike. Doc. 20. The Court denies Defendant's motion to strike and considers the reply.

1

Case No.1:16-CV-00037
Gwin, J.

## I. Background

Plaintiff alleges that on or about January 9, 2015, a water main break in Cleveland, Ohio caused water and debris to flood Plaintiff's property.[7] Plaintiff states that the flooding caused damage to the foundation, appliances, electrical systems and plumbing systems of the house.[8] Plaintiff alleges that the property was condemned by the City of Cleveland due to the unsuitable living conditions.[9] Plaintiff alleges that on or about January 13, 2015, Defendant restored water services "without notice," which caused further damage to the building.[10]

Plaintiff brings this suit under diversity jurisdiction.[11] Although the property is located in Cleveland, Ohio, Plaintiff is a domiciliary of Maryland. Defendant is an Ohio political subdivision. Plaintiff alleges over $75,000 in damages.

Plaintiff states that she is entitled to—among other forms of relief—a writ of mandamus to force Defendant to provide just compensation under Article I, Section 19 of the Ohio Constitution.[12]

The Sixth Circuit has not directly addressed whether a district court can hear a prerequisite state claim for just compensation when sitting in diversity. The Fifth and Tenth Circuits have directly addressed the question. In both cases, the Circuits concluded that it was proper for federal

---

[7] Doc. 1 at ¶ 9.
[8] *Id.* at ¶¶ 10-11.
[9] *Id.* at ¶ 14.
[10] *Id.* at ¶ 15.
[11] 28 U.S.C. § 1332(a).
[12] *Id.* at ¶¶ 44-55.

2

Case No.1:16-CV-00037
Gwin, J.

courts to hear the state claim.[13] However, in both cases the underlying state procedures were statutory actions for inverse condemnation.[14]

Ohio does not have an inverse condemnation statute. Rather, Ohio law requires a citizen to seek a writ of mandamus against the state actor who allegedly committed the taking.

In particular, when an Ohio government actor commits a taking, the state actor is under a duty to bring an appropriation proceeding against the landowner to determine and pay just compensation. Only the government actor can initiate the proceedings. If a property owner believes that his property has been taken without an appropriation proceeding, the property owner must seek a writ of mandamus "to force the government actor into the correct appropriation proceeding."[15]

The plaintiff must apply for a writ of mandamus "by petition, in the name of the state on the relation of the person applying, and verified by affidavit."[16] The mandamus is "issued in the name of the state" to the inferior state actor, commanding that the state actor initiate the appropriation proceedings.[17]

A writ of mandamus "is an extraordinary remedy 'to be issued with great caution and discretion.'"[18] Moreover, Plaintiff is asking this Court to issue a writ in the name of the State of

---

[13] *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 386-87 (5th Cir. 2001) (holding that a federal district court could hear Texas's just compensation claim when sitting in diversity); *SK Fin. SA v. La Plata Cty., Bd. of Cty. Comm'rs*, 126 F.3d 1272, 1276 (10th Cir. 1997) (same holding regarding Colorado's just compensation procedure); *see also Green v. City of Williamstown*, 848 F. Supp. 102, 105 (E.D. Ky. 1994) (dismissing federal takings claims as not yet ripe for review, but finding that Plaintiff's state law just compensation claim could go forward under diversity jurisdiction). In earlier rulings, the Fifth and Tenth Circuits had reached the opposite conclusion. *Cory v. Thomson*, 996 F.2d 310 (10th Cir. 1993) (unpublished); *Samaad v. City of Dallas*, 940 F.2d 925, 934 (5th Cir. 1991).
[14] *Vulcan Materials Co.*, 238 F.3d at 386-87 (discussing Texas's inverse condemnation claim); *SK Fin. SA*, 126 F.3d at 1276 (discussing Colorado's inverse condemnation claim); *see also Green*, 848 F. Supp. at 105 (discussing Kentucky's inverse condemnation claim).
[15] *Coles v. Granville*, 448 F.3d 853, 861 (6th Cir. 2006) (internal citations omitted).
[16] O.R.C. § 2731.04.
[17] O.R.C. § 2731.01.
[18] *State ex rel. Manley v. Walsh*, 31 N.E.3d 608, 612 (Ohio 2014) (citing *State ex rel. Taylor v. Glasser,* 364 N.E.2d 1 (Ohio 1977)).

Case No.1:16-CV-00037
Gwin, J.

Ohio. As a result, this Court requested additional briefing on two questions: (1) whether a federal court sitting in diversity can issue a writ ordering a state municipal actor to institute state court proceedings, and (2) whether a federal court should nevertheless abstain from hearing this claim. The motion to dismiss is now ripe.

## II. Discussion

*A. Issuing a Writ of Mandamus*

The parties agree that this Court may issue the writ of mandamus.[19]

The writ that Plaintiff seeks would be issued against a municipal actor, requiring Defendant City of Cleveland to begin appropriation proceedings. Under the Eleventh Amendment, states and state officials have sovereign immunity from suit in federal courts in certain circumstances.[20] However, Ohio's sovereign immunity does not extend to municipal corporations, such as Defendant City of Cleveland.[21] As a result, the Eleventh Amendment does not bar this Court from issuing a writ against the city.

Federal Rule of Civil Procedure 81(b) formally abolishes federal writs of mandamus. However, when a court sits in diversity, it acts as any other court of the state, and can issue writs

---

[19] Doc. 16 at 4 ("Plaintiff therefore maintains a federal court sitting in diversity may issue a mandatory injunction to compel the City of Cleveland to proceed with an appropriation proceeding."); Doc. 17 at 1 ("In absence of any case law to the contrary, this Court may issue a writ of mandamus . . . . The quandary of whether or not this Court can issue a writ of mandamus is not something that should alarm this Court.").

[20] *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984) (holding that plaintiffs cannot seek injunctive relief in federal court against a state officer for a violation of state law).

[21] *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977); O.R.C. § 2743.01; *cf. Mixon v. State of Ohio*, 193 F.3d 389, 399 (6th Cir. 1999) ("Although the Mayor of Cleveland derives his authority from the State's enabling act . . . [he] represents a 'municipal corporation,' which the Ohio Legislature defined as a 'political subdivision' expressly excluded from sovereign immunity.").

Case No.1:16-CV-00037
Gwin, J.

that the state courts are empowered to grant.[22] Moreover, the All Writs Act[23] grants federal courts jurisdiction to issue writs of mandamus where there is an independent basis for subject matter jurisdiction.[24]

This Court, sitting in diversity, can issue a writ of mandamus that Ohio courts are able to grant. Moreover, subject matter jurisdiction exists, here, under 28 U.S.C. § 1332(a) because it is undisputed that the parties have diverse citizenship. Accordingly, this Court has jurisdiction to issue a writ of mandamus.

### B. Abstention

#### i. Legal Standard

The remaining question is whether this Court should nevertheless abstain from issuing a writ in the name of the State of Ohio, ordering the Defendant City of Cleveland to initiate appropriation proceedings.

District Courts have a "virtually unflagging" obligation to exercise the jurisdiction given to them.[25] However, the Supreme Court has identified certain situations when abstention is appropriate. At issue in this case is so-called *Thibodaux* abstention — where abstention is proper because of unclear state law in diversity cases.[26]

---

[22] *Cf. Guarantee Trust Co. of New York v. York*, 326 U.S. 99, 108 (1945). Plaintiff repeatedly confirms that "all counts in this diversity action, including the Writ of Mandamus, are Ohio state-based claims, not federal claims." Doc. 8 at 1. Thus, this Court analyzes the implications of issuing an Ohio writ while sitting in diversity. Indeed, Plaintiff could not be seeking a federal remedy. If she were, she would be seeking federal relief before exhausting state remedies, in violation of *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson Coutny*, 473 U.S. 172, 195 (1985) ("if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation.").
[23] 28 U.S.C. § 1651.
[24] *See Maczko v. Joyce*, 814 F.2d 308, 310 (6th Cir. 1987).
[25] *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976).
[26] The parties also briefed so-called *Burford* abstention, where abstention avoids interference with complex state administrative procedures. *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). Because the Court concludes that *Thibodaux* abstention applies, the Court does not reach the question of whether Burford abstention is otherwise appropriate.

Case No.1:16-CV-00037
Gwin, J.

*Thibodaux* abstention is based on two decisions decided by the Supreme Court on the same day — *Louisiana Power & Light Company v. City of Thibodaux*[27] and *County of Allegheny v. Frank Mashuda Co*.[28]

In *City of Thibodaux*, the City brought an eminent domain proceeding in Louisiana state court to take the power company's property.[29] The case was removed to federal court based on diversity of citizenship.[30] Although a state statute seemed to allow the city's use of eminent domain, the statute had never been interpreted by the Louisiana courts.[31] In fact, the only interpretation available came from the Attorney General of Louisiana, who reached the opposite conclusion.[32] The Supreme Court found that abstention was appropriate because of the unanswered questions of law.[33] The Supreme Court said that a state court should address the issue at hand, pointing out that, "[i]nformed local courts may find meaning not discernible to the outsider."[34]

The same day, the Supreme Court announced *Mashuda*. In *Mashuda*, the plaintiff challenged Allegheny County's use of eminent domain to enlarge the Greater Pittsburgh Airport.[35] Unlike *Thibodaux*, the law at issue in *Mashuda* was clear: "private property cannot be taken for a private use under the power of eminent domain."[36] Accordingly, the "only question for decision [was] the purely factual question whether the County expropriated the respondents' land for private

---

[27] 360 U.S. 25 (1959).
[28] 360 U.S. 185 (1959).
[29] 360 U.S. at 25.
[30] *Id.*
[31] *Id.* at 30.
[32] *Id.*
[33] *Id.*
[34] *Id.*
[35] *Mashuda*, 360 U.S. at 188.
[36] *Id.* at 187.

6

Case No.1:16-CV-00037
Gwin, J.

rather than for public use."[37] Because the state law was clear, federal court did not need to abstain from adjudicating the case.[38]

In both *Thibodaux* and *Mashuda*, the Supreme Court addressed whether eminent domain raised unique justifications for abstention. In *Thibodaux*, the Supreme Court highlighted that the eminent domain proceedings were "special and peculiar" in nature compared to most suits at common law.[39] In particular, the Court highlighted how interpreting Louisiana's law would "apportion[] governmental powers between City and State."[40] As a result, the case was "intimately involved with the sovereign prerogative," militating in favor of abstention.[41]

However, the *Mashuda* Court further refined this conclusion, holding that the more standard eminent domain issue in that case was no more "mystically involved with the 'sovereign prerogative'" than other types of suits.[42] The mere fact of adjudicating an eminent domain dispute would not "unsettl[e] some delicate balance in the area of federal-state relations."[43]

Under *Thibodaux* and *Mashuda*, a federal court should abstain in diversity cases if there are (a) uncertain questions of state law and (b) an important state interest that is intimately involved with the government's sovereign prerogative beyond the mere fact of invoking eminent domain law.[44]

---

[37] *Id.* at 190.
[38] *Id.* at 188, 196.
[39] *Thibodaux*, 360 U.S. at 28.
[40] *Id.* at 28.
[41] *Id.*
[42] *Mashuda*, 360 U.S. at 192.
[43] *Id.*
[44] *See generally* Erwin Chemerinsky, *Federal Jurisdiction* 828 (6th ed. 2012).

Case No.1:16-CV-00037
Gwin, J.

ii. Application

Unlike the Louisiana statute in *Thibodaux*, Ohio courts have previously interpreted Ohio law on the issuance of a writ of mandamus for an involuntary taking. But unlike the law in *Mashuda*, issuing a writ in this case is not a straightforward question of fact.

This Court would have to address questions of law in determining whether to issue the writ. For instance, to be entitled to a writ of mandamus, Plaintiff must demonstrate that she lacks "an adequate remedy in the ordinary course of law."[45] Ohio courts have wrestled with the question of whether other remedies — such as Plaintiff's other causes of action for trespass and nuisance — provide an adequate remedy as a matter of law.[46]

Moreover, this Court may also have to address mixed questions of fact and law. Plaintiff "must establish a clear legal right to compel the respondents to commence an appropriation action."[47] But "not every 'invasion' of private property resulting from government activity amounts to an appropriation."[48] The taking must be a "direct, natural, or probable result of an authorized activity," and the invasion must "appropriate a benefit to the government at the expense of the property owner."[49] Applying this test to Plaintiff Vary's claim is far more complex than the straightforward assessment in *Mashuda*. Indeed, the complexity invokes *Thibodaux*'s admonition that "[i]nformed local courts may find meaning not discernible to the outsider."[50]

Most importantly, issuing a writ in the name of the State of Ohio that orders a municipal actor to institute state proceedings is intimately involved with the state's sovereign prerogative.

---

[45] *State* ex rel. *Doner v. Zody*, 958 N.E.2d 1235, 1246 (Ohio 2011) (citing *State* ex rel. *Gilbert v. Cincinnati*, 928 N.E.2d 706 (Ohio 2010)).
[46] *See, e.g.*, *State* ex rel. *Gilmour Realty, Inc. v. Mayfield Hts.*, 891 N.E.2d 320, 322-23 (Ohio 2008).
[47] *Doner*, 958 N.E.2d at 1246 (citing *Gilbert v. Cincinnati*, 928 N.E.2d 706 (Ohio 2010)).
[48] *Id.* at 1248.
[49] *Id.* (internal citations omitted).
[50] *Thibodaux*, 360 U.S. at 30.

8

Case No.1:16-CV-00037
Gwin, J.

Much like the interpretation of Louisiana's law, Plaintiff is asking a federal court to "apportion[] governmental powers between City and State."[51]

Plaintiff's claim is not seeking a standard form of relief from a federal court sitting in diversity. Instead, Plaintiff seeks an "extraordinary remedy" to be issued by a federal court in the name of the State. That order would demand that another Ohio political subdivision commence a state court proceeding. Abstention is proper.

### III. Conclusion

For the reasons above, this Court **GRANTS** Defendant's motion to dismiss Plaintiff's cause of action for a writ of mandamus.

IT IS SO ORDERED.

Dated: June 28, 2016                                      *s/          James S. Gwin          *
                                                          JAMES S. GWIN
                                                          UNITED STATES DISTRICT JUDGE

---

[51] *Id.*